Green, J.
delivered the opinion of the court.
The only question in this case, which has been seriously debated is, whether the court of chancery had jurisdiction to afford the relief prayed for, a judgment at law having been rendered, where a full defence might have been made. It appears from the proof, that the defendant held two notes on the complainant and others, the one for $151 62, and the other for $126 75. These notes were placed in the hands of A. P. Moore, a justice of the peace, and judgments by confession were rendered by him. The said judgments remained without execution for more than a jear, and John Kleets having succeeded Moore, as justice of the peace, a sd. fa. to revive these judgments was issued by him. Kleets, the justice, states that when the sd. fa.'s were returned, the complainant' and defendant were present, and the complainant “objected to the judgments,” and said that he told Moore, “that the notes were wrong, while he was magistrate and to enter a conditional judgment.” Mr. Gwinn and Mr. Newton retired, and when they returned, they agreed if there was anything wrong in the judgment, that the error should be rectified. This bill is filed, alledging that the note for $126 75 was executed for a balance due on the note $151 62, which was thereby extinguished; that the defendant promised to deliver it up, but failed to do so, and now seeks to collect both notes. It is unnecessary to recapitulate the proof which satisfies our minds of the truth of the allegations of the bill. We think it is ample, and that it shows that the defendant, with a full knowledge, that the first note was thereby extinguished, corruptly changed the date of the $126 75 note, so as to make it appear to have been *712 given before, instead of after tbe execution of the note for $151 62, and thereby excluding the idea that the note for $126 75 was executed for an unpaid balance of the note for $151 62. The only difficulty we have felt is, whether the court can now afford relief. Unquestionably, if’Gwinn had confessed judgment on both notes, before Moore, without condition, he could afterwards have had no remedy in a court of chancery. But we think the facts of the case warrant a court of chancery, to grant relief, without interfering with the settled principle, that where there has been a trial at law, equity will not afford relief, unless the party was prevented from making his defence at law, by accident or fraud, or some act of the opposite party, unmixed with negligence or fault on his part. From the evidence of Justice Kleets, it appears that Gwinn did not, in fact, confess judgment before Moore. He told Moore to enter conditional judgments, as there was something wrong in the production of both notes on him. "And after the judgments thus confessed had been permitted to remain unex-ecuted more than a year, and a sci. 'fa. was sued out to revive, the defendant agreed, if there was anything wrong, it should be rectified. Although it be -true, as is argued by the defendant’s counsel, that the sci. fa. to revive a justice’s judgment is unnecessary, and therefore the defendant received no benefit from the proceedings on the sci. fa.; yet the conversation ' of the parties, on this occasion shows that they did not regard the proceedings before the justice Moore, as having any binding force. If, as the complainant stated, in presence of Kleets, without contradiction or objection by the defendant, Justice Moore was told by Gwinn, that there was something wrong, and that he might enter a conditional judgment, such statement gave the justice no authority to enter the judgments by confession, which were entered up by him in this case. It may be very true that Moore had no right to enter conditional judg *713 ments as directed; but that only proves that he had no right to enter any judgments at all. The obligor in the note agrees that a conditional judgment may be entered. But the justice has no power to enter such judgment. The consequence is, that there has-been no confession upon which he could adjudge at all. This being the state of the case, when the scL fa. was returned before Kleets, the defendant agreed that any error that existed should be rectified; and we do not think that he can now be permitted to insist that the judgment rendered by Moore on confession, is a bar to the relief to which the proof shows the complainant is entitled. Affirm the decree.